**Mamadou Moustapha BAH, Fatoumata Bati Bah, Petitioners,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–2921–ag.

United States Court of Appeals, Second Circuit.

June 12, 2008.

Theodore Vialet, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioners Mamadou Moustapha Bah and Fatoumata Bati Bah, citizens of Guinea, seek review of the June 20, 2007 order of the BIA denying their motion to reopen. *In re Mamadou Moustapha Bah & Fatoumata Bati Bah,* Nos. A75 829 234 and A76 245 999 (B.I.A. Jun. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation,

inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

It is undisputed that the Bahs' motion to reopen was untimely. *See* 8 C.F.R. § 1003.2(c)(2) (motions to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered"). Moreover, the BIA properly found that their motion did not warrant equitable tolling based on ineffective assistance of counsel because they failed to demonstrate due diligence. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006) (providing that the 90–day deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating her rights); *see also Iavorski v. INS*, 232 F.3d 124, 134–35 (2d Cir. 2000).

As the BIA observed, Petitioners waited over four years from the time their representation by attorney Nora Markman ended before filing the present motion to reopen.[1] *See Cekic*, 435 F.3d at 171–172 (finding no error in the BIA's conclusion that Petitioners did not demonstrate due diligence in waiting two years to file a motion to reopen). While there is "no magic period of time" that can be equitably tolled for ineffective assistance, Petitioners bear the burden to prove that they exercised due diligence from the time they discovered or reasonably should have discovered the ineffective assistance until the time they filed a motion to reopen. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir.2007).

Petitioners argue that they did not discover Markman's alleged ineffectiveness until they "consulted with new counsel." However, Petitioners have not indicated when they first contacted their current counsel. Indeed, beyond the bare assertion that they exercised due diligence, Petitioners do not explain in their brief to this Court what steps they took during the four year period they sought to toll.[2] The absence of any such explanation could be the end of our inquiry. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Nonetheless, the record demonstrates that by February 2003, Petitioners were or should have been aware of Markman's alleged ineffective assistance of counsel. In February 2003, the Petitioners' third attorney filed a motion to reconsider in which he noted that Markman erred by filing a motion to reopen rather than appealing the denial of Petitioners' adjustment of status application. In the motion, counsel specifically mentioned his intent to file a motion based on *Matter of Lozada*, 19 I. & N. Dec. 637, 637–640 (BIA 1988), and "reserved the opportunity to file a brief on this point at a later point." Thus, as of February 2003, Petitioners should have been aware of Markman's alleged negligence.[3] Despite this knowledge, Petition-

---

1. Although Petitioners allege that another one of their four attorneys was ineffective, we review only their claims against attorney Markman where their motion to reopen focused exclusively on her alleged ineffectiveness. To the extent that Petitioners raise arguments against a different attorney, their arguments are unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–120 (2d Cir.2007).

2. Petitioners' allegations that prior counsel engaged in "fraud" are not well taken where they provide no details as to what conduct they believe was fraudulent.

3. Furthermore, we note that the record contains a complaint dated October 2005 alleging ineffective assistance against Markman.

ers did not file a motion to reopen alleging ineffective assistance of counsel until March 2007, over four years later.

We have held that "no matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled." *See Cekic*, 435 F.3d at 170. Therefore, because Petitioners have not shown that they exercised due diligence, the BIA did not abuse its discretion in refusing to equitably toll the filing deadline for Petitioners' motion to reopen. *See Jian Hua Wang*, 508 F.3d at 716.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).